IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAVAL DUKE VALLARE,                           No. CIV S-05-0551-DFL-CMK-P

      Plaintiff,

   vs.                                                      FINDINGS AND RECOMMENDATIONS

ATTORNEY GENERAL OF THE
STATE OF CALIFORNIA, et al.,

      Defendants.

                                   /

          Plaintiff, a state prisoner proceeding pro se and in forma pauperis, brings this civil rights action pursuant to 42 U.S.C. § 1983.  On March 28, 2005, the court directed plaintiff to either file a completed application to proceed in forma pauperis or pay the full filing fee within 30 days.  Plaintiff failed to comply.  On September 22, 2005, the court directed plaintiff to show cause why this action should not be dismissed for lack of prosecution and failure to comply with court orders and rules.  On October 11, 2005, plaintiff requested additional in forma pauperis forms from the Clerk of the Court.  Two such forms were sent to plaintiff the following day.  In light of plaintiff's request, on October 20, 2005, the court sua sponte granted plaintiff additional time to respond to the court's September 22, 2005, order to show cause by an additional 20 days.

1

The October 20, 2005, order advised plaintiff that the court would consider either the filing of a complete in forma pauperis application or payment of the statutory filing fee an adequate response. To date, plaintiff has failed to file a completed in forma pauperis application, pay the fees, or otherwise respond to the court's order to show cause.

The court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. See Malone, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal has also been held to be an appropriate sanction for failure to follow local rules. See Ghazali, 46 F.3d at 53.

Having considered these factors, and in light of plaintiff's failure to prosecute this case, the court finds that dismissal is appropriate.

Based on the foregoing, the undersigned recommends that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive

///

1  the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: December 4, 2005.

                                         **CRAIG M. KELLISON**
                                         UNITED STATES MAGISTRATE JUDGE